HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH STANLEY PIGOTT,

  Plaintiff,

 v.

WELLS FARGO BANK, et al.,

  Defendants.

Case No. C18-753-RAJ

ORDER

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff Joseph Stanley Pigott's Complaint with leave to amend. Dkt. # 4. The Court **DENIES** Plaintiff's Motion for U.S. Marshal to Process Service (Dkt. # 5) and Motion for Default (Dkt. # 10) **as moot**.

On May 24, 2018, Plaintiff filed this action against Defendants: Wells Fargo Bank; Frano Cantor; the Branch Manager of a Wells Fargo Bank in Burien, WA; Joseph, another Branch Manager of a Wells Fargo Bank; and Timothy J. Sloan, the Chief Executive Officer of Wells Fargo. Dkt. # 1. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. # 1. The Honorable Brian A. Tsuchida granted the application. Dkt. # 3. Plaintiff subsequently filed an Amended Complaint that contains the same allegations as his original Complaint. Dkt. # 8.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court

ORDER – 1

determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Plaintiff brings this complaint pursuant to the "Moorish-American Treaty of Peace and Friend of 1787 & The United States Constitution of 1789, Federal Reserve Act of 1913 12 U.S.C. Code Section 411 & Section 16, 63rd Congress Session 2 Ch. 4-6 P.251, House Joint Resolution 192-Public Law 73-10." Dkt. # 8 at 3, 4. Plaintiff alleges that "Joseph" the bank manager of a Seattle, WA branch of Wells Fargo Bank took 32 million dollars from Plaintiff and did not pay him when he requested the money. Plaintiff alleges that several branch managers took his "notes/bonds" and acted as though they were going

ORDER – 2

to help him open an account but instead copied his promissory notes and did not pay him or give him a receipt for his money. *Id*. at 6. Plaintiff requests 32 million dollars in punitive damages. *Id*.

Plaintiff's complaints do not contain any allegations explaining how Defendants' alleged actions violated the Constitution or any other state or federal law. Plaintiff provides very few details about the alleged theft of his money or the circumstances under which the named branch managers took his "notes/bonds" when he attempted to open a banking account. All of Plaintiff's allegations appear to be speculative and lack a basis in law or fact. Even construing all allegations in the light most favorable to the Plaintiff and giving due deference to Plaintiff's *pro se* status, his complaint fails to state a claim showing he is entitled to relief.

For the reasons stated above, the Court **DISMISSES** *pro se* Plaintiff Joseph Stanley Pigott's complaint with leave to amend. Dkt. # 8. The Court **DENIES** Plaintiff's Motion for U.S. Marshal to Process Service (Dkt. # 5) and Motion for Default (Dkt. # 10) **as moot**. **Within fourteen (14) days from the date of this Order**, Plaintiff may file an amended complaint. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss the action.

DATED this 31st day of October, 2018.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3